IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GILBERT DIAZ, § | |
| § | |
| *Plaintiff,* § | |
| § | Civ. No. 5:20-cv-1321 |
| V. § | |
| § | |
| CUATRO T CONSTRUCTION, INC., § | |
| § | |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gilbert Diaz ("Diaz" or "Plaintiff") files this Original Complaint against Defendant Cuatro T Construction, Inc. ("Cuatro T" or "Defendant"), and would show as follows:

### A. Parties

1. Plaintiff Gilbert Diaz is an individual residing in San Antonio, Texas. He is a former driver for Cuatro T.

2. Defendant Cuatro T. Construction, Inc. is a company doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service of process, Laurie B. Tondre, at 1241 CR 251, Hondo, Texas 78861.

### B. Jurisdiction and Venue

3. This case is brought under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12112, *et seq.* and the Texas Commission on Human Rights Act, Section 21.051, *et seq.*, of the Texas Labor Code ("TCHRA").

4. This Court has jurisdiction over this matter according to 28 U.S.C. § 1331 and 42 U.S.C. § 12112.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims of a violation of TCHRA by virtue of 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### C. Exhaustion of Administrative Remedies

7. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission. ("EEOC").

8. Plaintiff files this Original Complaint within 90 days after receiving the notice of the right to sue from the EEOC.

### D. Facts

9. Diaz was employed as a driver for Cuatro T Construction, Inc., from October 2018 through December 2019.

10. Before Diaz began working for Cuatro T, he had a pre-existing heart condition that required surgery. Also before he began working for Cuatro T, Diaz's physician released him to work fulltime without restrictions, as long as he stopped driving if he experienced any heart pain. When Diaz accepted the driving job with Cuatro T, Diaz informed them of his medical condition and his doctor's instruction to cease driving if he experienced heart pain.

11. For the first fourteen months of Diaz's employment with Cuatro T, he did not need to cease driving due to heart pain. On December 19, 2019 at approximately 3 p.m., however, Diaz began experiencing heart pains. Diaz had already been working for approximately twelve hours and it was the end of his normal workday.

12. However, the dispatcher called and instructed Diaz to do another load. Diaz reminded the dispatcher that due to his heart condition, his doctor had instructed him not to drive

if he was experiencing any heart pain. The dispatcher informed Diaz that if he declined to deliver the load, Cuatro T would terminate Diaz.

13. Diaz declined the load, in accordance with his doctor's instructions, and Cuatro T terminated Diaz the same day.

### E. Count 1—Disability Discrimination under the ADA and TCHRA

14. Plaintiff incorporates by reference all of the allegations made above.

15. Plaintiff is disabled, as defined by the Americans with Disabilities Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA"). Specifically, as a result of his heart condition, Plaintiff has a medical condition that substantially limits one or more major life activities.

16. Plaintiff is qualified to perform the essential functions of the position of driver with or without accommodations.

17. Plaintiff is an employee within the meaning of the ADA and TCHRA.

18. Defendant violated the ADA and TCHRA by intentionally discriminating against Plaintiff because of his disability. Defendant's discriminatory acts include terminating Plaintiff.

19. Additionally, Defendant discriminated against Plaintiff by failing to provide Plaintiff with a reasonable accommodation. Although Plaintiff requested that he be permitted to stop working at the end of his normal work day because he was suffering heart pain, Defendant refused to make this accommodation.

### G. Prayer for Relief

20. Plaintiff respectfully requests and demands judgment against Defendant for the following:

(a) Actual, consequential, and compensatory damages;

(b) Exemplary and punitive damages;

(d) Pre-judgment interest if, as, and when allowed by law;

(e) Reasonable and necessary attorney's fees;

(f) Costs of court;

(g) Post-judgment interest; and

(h) Any other relief to which Plaintiff may be entitled, whether in law or equity.

### H. Jury Demand

21. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues.

Respectfully submitted,

/s/ Allison Sarah Hartry
Lawrence Morales II
State Bar No. 24051077
lawrence@themoralesfirm.com
Allison Sarah Hartry
State Bar No. 24083149
ahartry@themoralesfirm.com
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone: (210) 225-0811
Facsimile: (210) 225-0821

*ATTORNEYS FOR PLAINTIFF*